NATHAN H. VINCENT v. THE BOARD OF SUPERVISORS FOR MECOSTA COUNTY

*Sheriff's fees.*

1. Supervisors cannot be compelled, in the absence of statutory authority to allow a sheriff ten cents a mile for travel in bringing back goods seized on a search-warrant, where they have already made that allowance for going to the place of service.

2. A sheriff is not entitled to payment for merely colorable attendance in court, when he can produce no certificate from the court showing his attendance, and when he has in fact, been employed elsewhere. But he should be paid for any substantial performance of his duty

3. A board of supervisors cannot be restrained in its method of business in the disposition of claims if the claimant has not been deprived thereby of an opportunity to be heard.

4. Where a board of supervisors has permitted the sheriff to draw periodically from the county treasurer the amount of his actual expenses, leaving the rest of his account for future audit, they may properly, upon the final audit, refuse to allow credit for such of the expenses as they find improper, and may deduct the treasurer's payments to that extent from what would otherwise be due.

5. A board of supervisors cannot delegate the auditing of accounts to the county treasurer.

Mandamus. Submitted Oct. 30. Denied Dec. 21.

*Michael Brown* for relator. Supervisors cannot charge back against the sheriff money already allowed by them to be drawn by him: *Supervisors v. Birdsall* 4 Wend. 460; *Onondaga Supervisors v. Briggs* 2 Den. 41

*Frank Dumon* for respondent. The decision of the board of supervisors is final upon compensation for services to or claims against the county: Const. art. x, § 10; Act 165 of 1877; the fees to be paid the sheriff for services not provided for by statute are determined by them: Act. 286 of 1881; public powers or trusts devolving by law upon a body like a board of supervisors, to be exercised by it in such manner as it shall judge best, cannot be avoided, or delegated to others: *People v. St. Clair County Officers* 15 Mich. 85; *Thompson v. Schermerhorn* 6 N. Y. 92; *Gale v. Kalamazoo* 23 Mich. 344; Cooley's Const. Lim. 204; *Ruggles v. Collier* 43 Mo. 359; *East St. Louis v. Wehrung* 50 Ill. 28; *State v. New Brunswick* 1 Vroom 395; *Meuser v. Risdon* 36 Cal. 239; when it has exercised its discretion and passed upon the account, has allowed a part and disallowed a part, a court of review will not undertake to control that exercise of discretion by mandamus: *Kuhn v. Auditors* 10 Mich. 307; *Macdonald v. Muskegon Supervisors* 42 Mich. 546; *Clark v. Ingham Supervisors* 38 Mich. 658; *Abels v. Ingham Supervisors* 42 Mich. 526; *Stamp v. Cass County* 47 Mich. 331; *Peck v. Kent County* 47 Mich. 477; the board should not allow illegal accounts: *Kennedy v. Gies* 25 Mich. 83; *Mixer v. Manistee Supervisors* 26 Mich. 423; and where it has passed upon the account and given the relator an opportunity of presenting and establishing his case, and the relator has in fact gone before the board and been heard, its decision is final: *Baldwin v. Board of Supervisors* 12 How. Pr. 204; *Wilson v. Supervisors of Albany* 12 Johns. 414; *Hull v. Supervisors of Oneida* 19 Johns. 260; *People v. Supervisors of Dutchess* 9 Wend. 508; *People v. Supervisors of New York* 1 Hill 362; *People v. Supervisors of Fulton* 14 Barb. 52; *Louisville v. Kean* 18 B. Monroe 9; *Commonwealth v. Henry* 49 Penn. St. 530; *Magee v. Supervisors* 10 Cal. 376; *Weeden v. Town Council* 9 R. I. 128; *Appling v. Bailey* 44 Ala. 333; *Exparte Crane* 5 Pet. 190; *Dixon v. Feild* 10 Ark. 243; *Exparte Newman* 14 Wal. 152; *McDiarmid v. Fitch* 27 Ark. 106; *State v. Warmoth* 23 La. Ann. 76.

CAMPBELL, J. Relator, as under-sheriff of Mecosta county, asks a mandamus to compel the allowance of part of an account rejected by respondents. It is not claimed that the whole bill was not considered, but the complaint is of the rejection of some items, and the deduction of some moneys previously paid to him from the amount otherwise due and recognized. It is also claimed that some charges and re-statements were made after he had been heard, and without an opportunity for further hearing.

This last suggestion is not in our view admissible. It appears that relator had an opportunity of being heard, and was heard upon his whole claim. It does not appear that any testimony was afterwards submitted against him. We cannot, therefore, hold that he was deprived of the opportunity of showing any right which he had, and the supervisors cannot be restrained as to their methods of business which shut out no such opportunity.

The excluded items called to our notice are a charge of ten cents per mile for bringing back certain goods on a search-warrant, (a similar amount having been allowed for service of the writ and travelling to the place of service, 93 miles,) and a further series of charges for a daily allowance of $2.50 for attending court.

As no statute has been called to our attention by relator, fixing charges for such services as were rendered in regard to removing the goods in question, we assume that our diligence will not find any. In the absence of a statute the board cannot be compelled to make the allowance claimed.

In the case of the charges for attendance on the court the record does not show that any court certificate or other determination of the fact of relator's attendance was produced. It further appears that the board looked into the facts and did not think the services had been rendered as claimed, or at any rate had been fully rendered. The relator's petition contains no such averment. We cannot hold the supervisors in fault without a distinct showing of something which they had no right to determine as they did. We cannot tell from this record that any particular charges have

been improperly thrown out.   They certainly had a right
—as the record stands—to inquire into the facts.

But it is proper to refer to one consideration that appar-
ently entered into the action of the board.   They point out
that in one case where a charge was made for attendance,
relator was earning money for services of a different nature
incompatible with such attendance.   While it may be true
that an officer will not be held to lose his per diem by not
being for every moment of the day in court or doing busi-
ness relating to the session, yet we do not think the statute
was designed to pay sheriffs or deputies when their attend-
ance is merely colorable, and when in fact they are occu-
pied most of the time elsewhere.   There has been much
abuse practiced in making constructive charges, and we do
not think supervisors can be censured for scrutinizing such
charges with some care. Every reasonable allowance should
be made for services which have been substantially, though
not literally, performed.   But this is all that should be ex-
acted.   And when the court itself does not certify to the
officer's attendance in court, the facts must be open to
inquiry.

The principal dispute arises out of a peculiar practice, by
which the supervisors provided that the sheriff might draw
periodically from the county treasurer the amount of his
actual expenses, leaving the rest of his account for future
audit.   A considerable sum was so drawn, but the board,
when the accounts were finally audited, refused to allow
credit for some of these expenses and deducted the treas-
urer's payments to that extent from what would otherwise
have been coming to relator.

We think their course was proper.   The board of super-
visors have no right to delegate the auditing of accounts to
the treasurer, and we do not suppose they meant to.   They
certainly ran some risk in allowing moneys to be drawn in
advance of credit, but they probably understood that under
the restrictions imposed there would be no ultimate over-
draft.   It was their duty before balancing the accounts, to
see that relator received no more than was justly receivable.

It is not now shown that the moneys charged back were for services or outlays which they could not question.

We think no case is made out for a mandamus, and it must be denied with costs.

The other Justices concurred.