ROXBOROUGH v. MICHIGAN UNEMPLOYMENT COMPENSATION COMMISSION.

1. OFFICERS—SALARIES—STATUTES.
   In fixing an appointee's salary, a governor can exercise only such authority as is delegated to him by legislative enactment.

2. SAME — CONTRACTS — AUTHORITY — STATUTES — CONSTITUTIONAL LAW.
   Public officers have and can exercise only such powers as are conferred on them by law, and a State is not bound by contracts made in its behalf by its officers or agents without previous authority conferred by statute or the Constitution.

3. STATES—AUTHORITY—IMPLIED CONTRACTS.
   A State is not bound by an implied contract made by a State officer where such officer had no authority to make an express contract.

4. UNEMPLOYMENT COMPENSATION—APPEAL BOARD—SALARIES—SOCIAL SECURITY BOARD REGULATIONS.
   By virtue of provisions of the unemployment compensation act the governor's authority to fix the salary of his appointed member of the appeal board is subject to the regulations of the Federal social security board, hence under regulations limiting the number of days' payments to such members from the administration fund, a fund 93 to 97 per cent. contributions by Federal government, to less than the maximum amount

provided for in the salary as fixed by the governor, his appointee may not recover for days worked in excess of the regulation's maximum where plaintiff accepted lesser payments made monthly and has made no showing he was requested or required to work the additional days (49 Stat. at L. 626; Act No. 1, §§ 10, 11, 35, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937).

5. OFFICERS—APPOINTMENT BY GOVERNOR—NOTICE OF LIMITATION ON SALARY.

A governor's appointee is chargeable with knowledge of a limitation on the governor's authority to bind the State to pay him a fixed annual salary (49 Stat. at L. 626; Act No. 1, §§ 10, 11, 35, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937).

6. STATES—OFFICERS—AUTHORITY—CONTRACTS.

The powers of State officers being fixed by law, all persons dealing with such officers are charged with knowledge of the extent of their authority or power to bind the State, and are bound, at their peril, to ascertain whether the contemplated contract is within the power conferred.

7. COSTS—SALARY OF MEMBERS OF UNEMPLOYMENT COMPENSATION COMMISSION APPEAL BOARD—PUBLIC QUESTION.

No costs are allowed in action by former member of appeal board of the unemployment compensation commission to recover salary for services rendered, a public question being involved in construction of statutory provisions relative to payment of salary (49 Stat. at L. 626; Act No. 1, §§ 10, 11, 35, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937).

Appeal from Court of Claims; Holland (H. Russel), J., presiding. Submitted June 6, 1944. (Docket No. 8, Calendar No. 42,467.) Decided September 11, 1944.

Claim by Charles A. Roxborough against Michigan Unemployment Compensation Commission for salary for services as member of appeal board of Michigan Unemployment Compensation Commission. Judgment for defendant. Plaintiff appeals. Affirmed.

*Henry B. Taliaferro,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Meredith H. Doyle, Frank Day Smith, Florence Clement Booth,* and *Daniel J. O'Hara,* Assistants Attorney General, for defendant.

Starr, J. On February 6, 1939, the governor appointed plaintiff a member of the appeal board of the unemployment compensation commission for the term ending March 31, 1940, and fixed his salary on a basis of "$25 per day, but not to exceed $4,500 a year." On March 27, 1940, he was reappointed a member of said appeal board for a six-year term, but served only to February 28, 1941. Such appointments were made in pursuance of Act No. 1, § 35, Pub. Acts 1936 (Ex. Sess.), as amended by Act No. 347, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485-75, Stat. Ann. 1940 Cum. Supp. § 17.537), which provided:

"Sec. 35. * * * There is hereby created an appeal board of three members to be appointed by the governor, by and with the advice and consent of the senate, after April one, nineteen hundred thirty-eight, for terms of six years each, except that the terms of the members first appointed shall be for two, four and six years respectively, as designated by the governor at the time of appointment. * * * *Members of the appeal board shall receive such salary as the governor may prescribe, to be paid from the administration fund."*

The salaries of plaintiff and other members of the appeal board were a part of the expense of administration of the unemployment compensation act and under said section 35 were to be paid from the

"administration fund." Such fund was created by section 10 * of the act, which provided:

"Sec. 10.  *  *  *  There is hereby created in the State treasury a special fund to be known and designated as the administration fund (Michigan unemployment compensation act). Any balances in this fund at the end of any fiscal year of the State shall be carried over as a part of said fund and shall at no time revert to the general fund of the State. All moneys deposited into said fund under the provisions of this act *are hereby appropriated to the commission to pay the expenses of the administration of this act.*

"Said fund shall be credited with all moneys appropriated thereto by the legislature, and all moneys received from the United States of America or any agency thereof for such purpose, including the social security board and the United States employment service, and all moneys received by the State for said fund from any other source."

It should be noted that the above-mentioned administration fund, created to pay the expenses of administration of the act, is separate and distinct from the unemployment compensation benefit fund created by section 26 of the act. The record shows that 93 to 97 per cent. of said administration fund was contributed by the Federal government and the balance by the State.

In disbursing the administration fund, the commission was required by section 11 of the act to comply with the regulations prescribed by the Federal social security board. Said section 11 † provided:

---

* This section is quoted as it was amended by Act No. 347, Pub. Acts 1937. It was also amended by Act No. 324, Pub. Acts 1939 in a manner not important to the decision of this case.

† This section is quoted in part as it was amended by Act No. 347, Pub. Acts 1937. It was also amended by Act No. 324, Pub Acts 1939, in a manner not important to the decision of this case.

"SEC. 11.  *  *  *  In the administration of this act, the commission shall cooperate with the social security board, created by the social security act, approved August fourteen, nineteen hundred thirty-five, as amended. *  *  * *The commission, subject to the provisions of this act, shall comply with the regulations prescribed by the social security board governing the expenditures of such sums* as may be allotted and paid to this State under title 3 of the social security act* for the purpose of assisting *in the administration of this act.*"

In summary, section 35 of the act gave the governor authority to appoint members of the appeal board and to fix their salaries, which were to be paid from the so-called administration fund; section 10 provided for the creation of said administration fund to pay the expenses of administering the act; and section 11 provided that in disbursing said fund the commission should comply with the regulations prescribed by the social security board.

Plaintiff's maximum annual salary, as fixed by the governor at $4,500, would cover 180 days at $25 a day, that is, an average of 15 days a month. However, at the time he began work as a member of the appeal board in 1939, he was informed that the disbursement of said administration fund was subject to the regulation of the social security board, and that such board, by budget regulation, had limited the amount which could be paid members of the appeal board (except chairman) to $250 per month, or $25 a day for 10 days. With notice of such limitation, plaintiff voluntarily performed services for 15 days a month in 1939, but he was paid for only 10 days. His vouchers for the additional days each month were not approved and were returned to him. Beginning January 1, 1940, the budget

* 49 Stat. at L. 626 (42 USCA, § 501 *et seq.*).

approved by the social security board provided for 13 1/3 days of work at $25 a day. Plaintiff continued to work for 15 days a month, but he was paid for only 13 1/3 days a month, and his vouchers for the additional days were returned to him. It should be noted that he accepted pay for the limited number of days each month, and that he made no showing that he was requested or required to work the additional days for which he now claims compensation.

When plaintiff ceased to be a member of the appeal board on February 28, 1941, there was an accumulation of 72 days of service for which he had not been paid and for which the commission refused to pay. On May 8, 1941, he filed petition in the court of claims, asking for a judgment of $1,800 for his services for said 72 days, together with interest. Defendant answered, denying that he was entitled to such additional compensation. The court denied his claim, entered judgment for defendant, and denied his motion for a new trial. He appeals from such judgment contending that his appointment created a binding contract on the part of the State to pay him a salary of $25 a day for services performed as a member of the appeal board, up to a maximum of $4,500 a year.

In fixing plaintiff's salary, the governor could exercise only such authority as was delegated to him by legislative enactment. The rule is stated in 59 C. J. pp. 172, 173, § 286, as follows:

"Public officers have and can exercise only such powers as are conferred on them by law, and a State is not bound by contracts made in its behalf by its officers or agents without previous authority conferred by statute or the Constitution. * * * Nor is a State bound by an implied contract made by a State officer where such officer had no authority to make an express one." (See cases cited.)

It is necessary that we determine the authority which the legislature delegated to the governor to fix salaries of members of the appeal board. To determine such authority, we must ascertain the legislative intention by interpreting the provisions of the unemployment compensation act. *In re Chamberlain's Estate,* 298 Mich. 278. From our examination of the above-quoted and other provisions of said act, it is clear the legislature intended that the governor's authority under section 35, to fix the salaries of members of the appeal board which were "to be paid from the administration fund" created by section 10, should be subject to the Federal social security board's regulation of the expenditure of said administration fund, as provided in section 11. Therefore, the governor's authority to fix plaintiff's salary was subject to such regulation.

At the time plaintiff accepted his appointment as a member of the appeal board, he was chargeable with knowledge of the limitation on the governor's authority to bind the State to pay him a fixed annual salary. In 59 C. J. p. 173, § 287, it is stated:

"The powers of State officers being fixed by law, all persons dealing with such officers are charged with knowledge of the extent of their authority or power to bind the State, and are bound, at their peril, to ascertain whether the contemplated contract is within the power conferred."

The social security board, through its budgetary regulation, limited the salary of plaintiff and other members of the appeal board (except chairman) to $25 a day for 10 days' work in each month in 1939 and for 13 1/3 days in each month thereafter. Although informed of such limitation and that he would be paid for only a limited and prescribed

number of days in each month, plaintiff voluntarily performed services for the additional 72 days for which he now claims compensation.

We conclude that plaintiff was paid in full for all days of service which he was authorized to perform. He does not have a valid claim for the additional 72 days of service, which he voluntarily performed in excess of the regulation prescribed by the social security board. Other contentions by plaintiff do not require consideration.

The judgment of the court of claims is affirmed. A public question being involved, no costs are allowed.

North, C. J., and Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred. Wiest, J., concurred in the result.