SITTLER v. BOARD OF CONTROL OF THE MICHIGAN
COLLEGE OF MINING AND TECHNOLOGY.

1. COLLEGES AND UNIVERSITIES—BOARD OF CONTROL—APPOINTMENT
OF TEACHERS—DELEGABLE POWERS.
    The authority to appoint or hire teachers, vested by statute
    in the board of control of the college of mining and tech-
    nology, cannot be delegated to some subordinate or repre-
    sentative of the board (CL 1948, §§ 390.352, 390.354).

2. OFFICERS—AUTHORITY—CUSTOMS AND USAGES—STATUTES.
    A usage or custom cannot be availed of to enlarge the statu-
    tory powers of officers vested with specified powers so as
    to include or justify acts which are unauthorized and con-
    trary to the applicable statutory law.

REFERENCES FOR POINTS IN HEADNOTES
[1] Generally as to contracts of employment of teachers, see 47
    Am Jur, Schools §§ 114, 115.
    Generally as to delegation of power by public administrative
    officer or board, see 42 Am Jur, Public Administrative Law
    § 73.
[2, 5, 6] 43 Am Jur, Public Officers, § 290.
[2, 5, 6] Custom or usage as enlarging statutory powers of public
    officer or excusing performance of his duties in a manner other
    than that prescribed by statute. 65 ALR 811.
[3–6, 8] 43 Am Jur, Public Officers §§ 249, 254; 47 Am Jur, Schools
    § 42.
[6, 8] 43 Am Jur, Public Works and Contracts § 89 et seq.
[6, 8] Liability of municipality or other governmental body on
    implied or quasi contracts for value of property or work.
    110 ALR 153.
[7] 43 Am Jur, Public Officers § 256.
[8] Generally as to appointments by de facto public officer, see 43
    Am Jur, Public Officers § 482.
[8] Status as de jure public officer of one appointed by a de facto
    officer or body or by a body which included a de facto member
    whose vote or consent was necessary to the appointment.
    106 ALR 1324.
[9] 43 Am Jur, Public Officers § 257.
[10] 3 Am Jur, Appeal and Error § 823.

3. SAME—EXTENT OF AUTHORITY.

The extent of the authority of the people's public agents is measured by the statute from which they derive their authority, not by their own acts and assumption of authority.

4. SAME—AUTHORITY—STATUTES.

Public officers have and can exercise only such powers as are conferred on them by law.

5. STATES—CONTRACTS—AUTHORITY OF OFFICERS.

A State is not bound by contracts made in its behalf by its officers or agents without previous authority conferred by statute or the Constitution.

6. SAME—IMPLIED CONTRACTS.

A State is not bound by an implied contract made by a State officer, where such officer had no authority to make an express contract.

7. SAME—CONTRACTS—KNOWLEDGE OF EXTENT OF OFFICER'S AUTHORITY.

Persons dealing with State officers are charged with knowledge of the extent of their authority or power to bind the State and are bound, at their peril, to ascertain whether the contemplated contract is within the power conferred.

8. COLLEGES AND UNIVERSITIES—CONTRACTS FOR TEACHING.

The head of the language department of the college of mining and technology is not vested with power to appoint teachers for his department, hence, assistant professor who claimed that an alleged contract made with the head of the department for teaching service had been terminated without justification had no binding contract with the college under which he could claim rights.

9. SAME—RATIFICATION OF CONTRACT—EVIDENCE.

Alleged contract between plaintiff and head of language department of the college of mining and technology *held*, not ratified by the board of control of such college, under record presented.

10. APPEAL AND ERROR—QUESTIONS REVIEWABLE—QUESTIONS FOR TRIER OF FACTS.

Questions of fact presented by record in action to recover for breach of alleged contract for teaching service at a State college are not discussed, where questions of law are decisive of plaintiff's right to recover.

Appeal from Court of Claims; Leibrand (Karl K.), J., presiding. Submitted April 18, 1952. (Docket No. 49, Calendar No. 45,430.) Decided June 2, 1952.

Edward V. Sittler presented his claim against Board of Control of the Michigan College of Mining and Technology and State of Michigan for damages caused by termination of employment. Motion to dismiss granted. Plaintiff appeals. Affirmed.

*Uhl, Bryant, Slawson & Wheeler,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Meredith E. Doyle,* Assistants Attorney General, for defendants.

NORTH, C. J. This is an appeal from an order dismissing plaintiff's suit entered in the Michigan court of claims. On December 13, 1950, Edward V. Sittler, plaintiff and appellant herein, filed a verified petition stating a claim against the board of control of the Michigan college of mining and technology, a defendant and appellee herein. The claim was based on an alleged contract of employment as assistant professor of German for the school year September 19, 1949, to June 10, 1950, at a salary of $4,000. Plaintiff alleged that this contract was executed by B. B. Bennett, who was head of the department of languages; that Professor Bennett had authority to make the contract on behalf of the board of control, and that the contract was also ratified by the board of control. The petition further alleged that plaintiff had performed his duties as assistant professor of German from September 19, 1949, to November 10, 1949, at which time his employment was terminated without justification. Plaintiff claims damages of $3,186.60, this being the amount

he would have received if his employment had not been terminated. The claimed contract which plaintiff relies upon for recovery is contained in a letter written to plaintiff by Professor Bennett, dated September 12, 1949, the pertinent portions of which we quote:

"This letter will confirm our telephone conversation of September 10th.

"The position which you have accepted is an assistant professorship of German with a salary of $4,000 for the 3-term year approximating 9 months. As I indicated Saturday raising the salary above the budgeted amount may make it impossible to grant you a salary increase for the 1950–1951 academic year. I believe it was our understanding that the appointment is for a 1-year period but will become a permanent one if both you and the administration of the college are quite satisfied at the end of the first year. * * *

"I am enclosing a formal application blank which you may complete and return to me by mail. If you have available 2 small gloss prints of yourself, please send them along. I shall send to you within the next day or two copies of the texts that have been used in the German work.

"Perhaps some information concerning our payroll procedures would help you in your personal planning. You will go on our payroll on September 19th. Our salary checks always have a 2-week lag. That means that you will receive your first salary check on October 20th. Your checks thereafter you will receive at 2-week intervals. The college pays salary over a full calendar year. That means that you will continue to receive salary checks throughout the summer of 1950. The details of the various deductions we can clarify after you arrive."

Defendants point out that by the statute which sets up the board of control, the authority to enter into

such contracts is vested in the board of control. The statute provides:

"The government of the college of mining and technology, the conduct of its affairs, and the control of its property shall be vested in a board of 6 members, not less than 4 of whom shall be residents of the upper peninsula of the State of Michigan, who shall be known as the 'board of control of the Michigan college of mining and technology.'" CL 1948, § 390.352 (Stat Ann § 15.1312).

"As soon as the means in its hands will permit, without incurring indebtedness, said board shall proceed to obtain a suitable location, and lease or erect such buildings, and procure such furniture, apparatus, library, and implements, as may be necessary for the successful operation of said school, and to appoint a principal, and such other teachers and assistants as the board may deem expedient, with salaries, to be paid from time to time, as it may agree, and to regulate their duties; but no agreement shall be valid whereby such board shall be prevented from discharging any one in their employ upon 2 months previous notice." CL 1948, § 390.354 (Stat Ann § 15.1314).

This statute vests the authority to appoint or hire teachers in the board. We are not in accord with plaintiff's contention that the statutory provision vesting in the board the power "to appoint a principal, and such other teachers and assistants as the board may deem expedient, with salaries, to be paid from time to time, as it may agree, and to regulate their duties" should be construed as applicable only at the inception of the Michigan college of mining and technology, as provided in section 4 of "the original act in 1885" (Act No 70). It is sufficient to note that substantially the same words relating to the hiring of teachers, et cetera, were originally embodied in PA 1861, No 207, and again embodied in PA 1885,

No 70. They are still a part of the statute which presently governs the conduct of the affairs of the Michigan college of mining and technology.

Plaintiff asserts that the power to contract with teachers may be delegated, and in the instant case that it is at least a question of fact if such power were not delegated by the board of control to Professor Bennett. In asserting the board's right to delegate the power, which by statute is vested in the board, appellant cites *People* v. *Fournier,* 175 Mich 364 (Ann Cas 1915A, 1015). However we think the cited case is not in point. It involved only the right of delegating the power of passing upon the right to be licensed as a stationary engineer in the city of Saginaw, which was considered necessary to proper administration of the police power. But the instant case involved the right by contract to bind the State in the operation of one of its educational institutions over a period of time and to expend public funds in greater or less amounts. Powers of the character vested by the above statutory provisions in a board of control of an educational institution maintained by the State cannot be delegated to some subordinate or representative.

"The board of supervisors cannot delegate such powers as the law requires to be submitted to their corporate discretion and judgment." *People, ex rel. Chadwick,* v. *County Officers of St. Clair* (syllabus), 15 Mich 85.

"The statutory authority conferred upon boards of supervisors to regulate the bridging of navigable streams is a trust that must be executed by themselves; they cannot delegate it to others." *Maxwell* v. *Bay City Bridge Co.* (syllabus), 41 Mich 453.

It follows that plaintiff did not possess a contract under which he could assert rights. Even the letter written by Professor Bennett does not purport

on its face to be a contract. We are mindful that it appears in plaintiff's opposition to the motion to dismiss that on other occasions heads of departments have hired assistant teachers; but such usage or custom, if it ever prevailed, cannot be availed of to enlarge the statutory powers of the board of control so as to include or justify acts which are unauthorized and contrary to the applicable statutory law. See annotations 65 ALR 811; which include *Hoffa* v. *Saupe,* 199 Iowa 515 (202 NW 234).

"The extent of the authority of the people's public agents is measured by the statute from which they derive their authority, not by their own acts and assumption of authority." *Township of Lake* v. *Millar,* 257 Mich 135, 142.

See, also, *Vincent* v. *Mecosta County Supervisors,* 52 Mich 340; *Schneider* v. *City of Ann Arbor,* 195 Mich 599.

In *Roxborough* v. *Unemployment Compensation Commission,* 309 Mich 505, we quoted with approval the following from 59 CJ, pp 172, 173:

" 'Public officers have and can exercise only such powers as are conferred on them by law, and a State is not bound by contracts made in its behalf by its officers or agents without previous authority conferred by statute or the Constitution. * * * Nor is a State bound by an implied contract made by a State officer where such officer had no authority to make an express one. * * *

" 'The powers of State officers being fixed by law, all persons dealing with such officers are charged with knowledge of the extent of their authority or power to bind the State, and are bound, at their peril, to ascertain whether the contemplated contract is within the power conferred.' "

"Persons dealing with a municipal corporation through its officers must at their peril take notice of the authority of the particular officer to bind the

corporation, and, if his act is beyond the limits of his authority, the municipality is not bound." *Rens v. City of Grand Rapids* (syllabus), 73 Mich 237.

"But the law holds those dealing with a municipal corporation to a knowledge of the extent of the authority conferred, and of the mode of its exercise, and of all illegalities committed by its agents in not pursuing the authority in the manner pointed out, and visits upon them the consequences of violating the law by refusing to enforce such contract at their instance." *McBrian v. City of Grand Rapids*, 56 Mich 95, 108.

Plaintiff did not have a contract with the board of control of the Michigan college of mining and technology, nor were the negotiations between plaintiff and Professor Bennett such as to constitute a contract binding upon the defendants in the instant case. Because of an absolute lack of power vested in Professor Bennett to consummate a contract with plaintiff which would be binding upon defendants, nothing appearing in this record would or could constitute ratification of an alleged contract as asserted by appellant. While there are presented by the record some controverted issues of fact, nonetheless there are presented questions of law herein considered which are decisive of plaintiff's right to recover. We are of the opinion that the trial judge correctly granted defendants' motion to dismiss. Affirmed, with costs to appellees.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.