BLANCHARD v LANSING COMMUNITY COLLEGE

Docket No. 75261. Submitted November 15, 1984, at Lansing.—Decided May 6, 1985. Leave to appeal applied for.

Plaintiff, James Blanchard, was on the faculty of Lansing Community College when his contract was not renewed. He brought an action in the Ingham Circuit Court against the college and its board of trustees for reinstatement, alleging that his termination was illegal because it was accomplished without a vote of the board. The court, Michael G. Harrison, J., granted summary judgment for defendants, holding that there was no genuine issue of material fact and that defendants were entitled to judgment as a matter of law. Plaintiff appealed. *Held:*

The authority to hire and discharge teachers vested by the Community College Act in the board of trustees may not be delegated to an administrator. The fact that the mechanism of termination was failure to renew plaintiff's contract is not controlling since the master agreement made faculty appointments continuing until modified by agreement of the parties or termination as elsewhere provided.

Reversed and remanded.

COLLEGES AND UNIVERSITIES — COMMUNITY COLLEGES — BOARDS OF TRUSTEES — EMPLOYMENT OF TEACHERS — DISCHARGE OF TEACHERS — DELEGATION OF AUTHORITY.

The authority to hire and discharge teachers vested by the Community College Act in the board of trustees may not be delegated to an administrator (MCL 389.124[b]; MSA 15.1124[b]).

*Foster, Swift, Collins & Coey, P.C.* (by *James A. White* and *Thomas J. Meyer*), for plaintiff.

*Charles R. MacLean* and *Vedder, Price, Kauf-*

REFERENCES FOR POINTS IN HEADNOTE
15A Am Jur 2d, Colleges and Universities § 11.
Construction and effect of tenure provisions of contract or statute governing employment of faculty member by college or university. 66 ALR3d 1018.

*man & Kammholz* (by *Robert C. Claus* and *Paul F. Gleeson)*, of counsel, for defendants.

Amicus Curiae:

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gerald F. Young,* Assistant Attorney General.

Before: WAHLS, P.J., and R. M. MAHER and R. E. NOBLE,* JJ.

R. E. NOBLE, J. In this action, plaintiff sought reinstatement with back pay to a position on the faculty of defendant Lansing Community College. Plaintiff claimed that his employment as a faculty member had been illegally terminated without a vote of defendant Board of Trustees. The circuit court granted summary judgment for defendants pursuant to GCR 1963, 117.2(3), holding that there was no genuine dispute as to any material fact and that defendants were entitled to prevail as a matter of law, and plaintiff appeals as of right.

This case is controlled by § 124 of the Community College Act of 1966, MCL 389.124; MSA 15.615(1124), which provides:

"The board of trustees may:
"(a) Contract with, appoint and employ a suitable person, not a member of the board, as administrator or director of the community college, who shall possess at least an earned bachelor's degree from a college acceptable to the state board of education and be the possessor of or be eligible for a teacher's certificate or have educational qualifications equivalent thereto in accordance with standards determined by the state board of education or have an earned doctor's degree from an accredited college or university, and who shall hold his office for a term fixed by the board, not to exceed 5

---

* Circuit judge, sitting on the Court of Appeals by assignment.

years, who shall perform such duties as the board may determine and who shall make reports in writing to the board of trustees and to the department of education annually or oftener if required in regard to all matters pertaining to the educational interests of the community college district; appoint in its discretion, a business manager responsible to the administrator or director of the community college for the community college district and fix his term of office.

"(b) Select and employ such administrative officers, teachers and employees and engage such services as shall be necessary to effectuate its purposes."

Defendants contend that the authority to hire or discharge employees like plaintiff committed to the board of trustees by subsection (b) was properly delegated to an administrator appointed pursuant to subsection (a). Plaintiff responds that the board's authority in this area cannot be delegated. In *Sittler v Bd of Control of the Michigan College of Mining & Technology*, 333 Mich 681, 686; 53 NW2d 681 (1952), plaintiff claimed to have been hired as an assistant professor of German by the chairman of the language department at defendant college. The Court explained:

"Plaintiff asserts that the power to contract with teachers may be delegated, and in the instant case that it is at least a question of fact if such power were not delegated by the board of control to Professor Bennett. In asserting the board's right to delegate the power, which by statute is vested in the board, appellant cites *People v Fournier*, 175 Mich 364 [141 NW 689 (1913)]. However we think the cited case is not in point. It involved only the right of delegating the power of passing upon the right to be licensed as a stationary engineer in the City of Saginaw, which was considered necessary to proper administration of the police power. But the instant case involved the right by contract to bind the State in the operation of one of its educational institutions over a period of time and to expend public

funds in greater or less amounts. Powers of the character vested by the above statutory provisions in a board of control of and educational institution maintained by the State cannot be delegated to some subordinate or representative."

The reasoning of *Sittler* controls the question presented here. The power to hire or discharge employees was expressly committed to the discretion of the board, and that power is of the type that *Sittler* held could not be delegated. The authorization in subsection (a) for the board to appoint an administrator to perform "such duties as the board may determine" merely permits the board to assign the administrator ministerial duties. The language employed in subsection (a) does not indicate a legislative intent to permit the board to delegate to the administrator powers expressly committed to the board's discretion in subsection (b). Accord: OAG 1981-1982, No 5843, p 23 (January 20, 1981).

Defendants also point out that plaintiff was technically not discharged; rather, his contract was not renewed. However, plaintiff's employment as a faculty member was pursuant to a written contract entitled "Faculty Continuing Contract" and containing the following clause:

"Such appointment shall continue in full force and effect until modified by agreement of the parties or terminated as provided in the Master Agreement between the Board and the Faculty Association."

The language of the contract shows that the board could not simply let the contract lapse by inaction but had to take affirmative steps to dispense with plaintiff's services. The power to take such action was committed by MCL 389.124(b); MSA 15.615(1124)(b) to the board's sole discretion.

Defendants also argue that plaintiff was never hired by the board and so cannot complain of the board's delegation of authority to discharge him. Plaintiff's contract, however, purports to be between plaintiff and the board, and the contract was executed by the chairperson of the board, not by any administrator. It would therefore be inappropriate to hold in the context of a motion for summary judgment pursuant to GCR 1963, 117.2(3), that plaintiff was never hired by the board. We express no opinion on the merits of the related legal arguments advanced by defendants.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.