LOCAL EMERGENCY FINANCIAL ASSISTANCE LOAN BOARD v
BLACKWELL

Docket No. 306975. Submitted March 8, 2013, at Detroit. Decided March
    14, 2013, at 9:00 a.m.

    The Local Emergency Financial Assistance Loan Board appointed
    Arthur Blackwell, II, as the emergency financial manager (EFM)
    for the city of Highland Park. The board subsequently filed an
    action in the Wayne Circuit Court against Blackwell, alleging
    breach of contract, common-law conversion, statutory conversion,
    and breach of fiduciary duty in connection with Blackwell's service
    from April 2005 to April 2009. The action was joined with an
    earlier action brought by Blackwell against the board in the Court
    of Claims that alleged breach of contract, unjust enrichment, and
    fraud. The circuit court, Susan D. Borman, J., granted summary
    disposition for the board in Blackwell's Court of Claims case. The
    remaining claims proceeded to trial. Following the close of Black-
    well's proofs, the circuit court, Robert J. Colombo, J., granted the
    board's motion to amend the complaint to add the Attorney
    General as a plaintiff. The jury determined that Blackwell had
    made $264,000 in unauthorized payments to himself from the city,
    and the court entered a judgment against him. Blackwell moved
    for judgment notwithstanding the verdict (JNOV), remittitur, or a
    new trial, all of which the court denied. Blackwell appealed.

    The Court of Appeals *held*:

    1. MCL 141.1218(1) (repealed by 2012 PA 436, effective March
    28, 2013) provided that the board had the sole statutory authority
    to appoint and compensate an EFM. The Governor's authority
    under the statute was limited to determining whether a financial
    emergency existed and assigning the responsibility for managing
    the emergency to the board. Public officers can exercise only the
    powers that are conferred on them by law, and the state is not
    bound by contracts made in its behalf by its officers or agents
    without previous authority conferred by statute or the Constitu-
    tion. Anyone dealing with an officer is charged with knowledge of
    the extent of the officer's authority to bind the state and must, at
    his or her own peril, ascertain whether the contemplated contract
    is within the power conferred. Blackwell claimed that he, the

former Governor, and the board had an understanding that modified the terms of his written agreement with the board and entitled him to compensation after his first year of serving as the EFM. According to Blackwell, the Governor directed that he be paid. His breach of contract claim failed as a matter of law because the Governor had no authority to modify the agreement and order that Blackwell be compensated. That authority rested solely with the board. Because the alleged oral agreement was without legal effect, it did not give rise to a question of fact regarding whether the board had breached its contract with Blackwell and the circuit court properly granted summary disposition for the board on his breach of contract claim.

2. The circuit court also properly granted summary disposition for the board on Blackwell's unjust-enrichment claim. An unjust-enrichment claim is available only if there is no express contract covering the same subject matter. It was undisputed that there was an express, written contract setting forth Blackwell's compensation as EFM.

3. With respect to Blackwell's fraud claim, the circuit court properly granted summary disposition in favor of the board because governmental immunity barred the claim and Blackwell failed to plead in avoidance of governmental immunity. MCL 691.1407(1) provides that a governmental agency is immune from tort liability if the agency is engaged in the exercise or discharge of a governmental function. Under MCL 691.1401, the term "governmental agency" includes the state and its agencies, departments, commissions, courts, boards, councils, and statutorily created task forces. The Local Emergency Financial Assistance Loan Board is a state board located within the Department of Treasury. Blackwell's fraud claim (which is a tort claim) was based on the alleged failure to fully disclose the city's finances and the actual state of the city before he accepted the EFM appointment and his assertion that he was led to believe that he would be compensated for his work after the first year. The board was exercising a governmental function when it appointed Blackwell as EFM, negotiated his compensation, and executed the employment contract because it was conduct that was expressly authorized by statute.

4. The circuit court properly determined that Blackwell would suffer no prejudice as a result of the amendment of the complaint and did not abuse its discretion by granting the board's motion to amend the complaint to add the Attorney General as a plaintiff. A motion to amend a complaint should ordinarily be granted absent any apparent or declared reason, such as undue delay on the part of the moving party or undue prejudice to the nonmoving party.

Prejudice in the context of a motion to amend a complaint exists if the amendment would prevent the opposing party from receiving a fair trial, which did not happen here. None of the claims or theories changed as a result of the amendment. The board and the Attorney General represented the same general interest and pursued the same claims with the same evidence under the same theories.

5. Blackwell argued that the jury's verdicts were legally inconsistent. A reviewing court must make every attempt to harmonize a jury's verdicts. Only if verdicts are so logically and legally inconsistent that they cannot be reconciled will they be set aside. The reviewing court must carefully look beyond the legal principles underlying the plaintiff's causes of action and examine how those principles were argued and applied in the context of the specific case. If there is an interpretation of the evidence that provides a logical explanation for the jury's findings, the verdicts are not inconsistent. In returning a verdict of no cause of action on the breach of contract claim, the jury apparently determined that nothing in the contract expressly prohibited Blackwell from receiving additional compensation from the city. The fact that the contract did not prohibit that conduct, however, does not mean that it was authorized. Whether Blackwell's compensation was authorized was the core issue of the breach-of-fiduciary-duty and conversion claims. With regard to the claim of breach of fiduciary duty, the jury was asked to determine whether Blackwell breached his position of trust as the EFM. With respect to the conversion claims, the jury was asked to determine whether Blackwell wrongfully exerted dominion over the city's property. In light of these legal principles and the undisputed fact that nothing in the parties' contract authorized Blackwell to compensate himself with city funds, a reasonable jury could have logically concluded that Blackwell breached the trust placed in him and wrongfully exerted control over city funds. The circuit court did not err by denying Blackwell's motion for JNOV.

6. Blackwell argued that the trial court abused its discretion by denying his motion for remittitur because the Attorney General was added as a plaintiff and the relation-back doctrine and the three-year period of limitations on the statutory conversion claim barred recovery of the portion of the damages that were incurred outside of the applicable limitations period. The circuit court properly determined that the statute of limitations did not bar the recovery of damages because the addition of the Attorney General as a party related back to the original filing of the complaint. Generally, the relation-back doctrine does not extend to the

addition of new parties. An exception exists, however, if the original plaintiff had, in any capacity, an interest in the subject matter of the controversy, the defendant had notice of the interest of the person sought to be added as a plaintiff, and the new plaintiff's claim arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. A new plaintiff may then be added and the defendant may not invoke a limitations defense. The claims of the Attorney General were identical to those of the board and arose out of the same conduct set forth in the original complaint. Both plaintiffs represented the interests of the state. Blackwell was fully apprised of the claims against him and was prepared to defend against them. He was thus not prejudiced by the addition of the Attorney General as a plaintiff, and the circuit court did not abuse its discretion by denying his motion for remittitur.

Affirmed.

1. PLEADING — COMPLAINTS — AMENDMENT — PREJUDICE.

A motion to amend a complaint should ordinarily be granted absent any apparent or declared reason, such as undue delay on the part of the moving party or undue prejudice to the nonmoving party; prejudice in the context of a motion to amend a complaint exists if the amendment would prevent the opposing party from receiving a fair trial.

2. JURY — VERDICTS — JUDGMENT NOTWITHSTANDING THE VERDICT — INCONSISTENT VERDICTS.

When reviewing a motion for judgment notwithstanding the verdict based on alleged inconsistencies in the jury's verdicts, the court must make every attempt to harmonize the verdicts; only if verdicts are so logically and legally inconsistent that they cannot be reconciled will they be set aside; the court must carefully look beyond the legal principles underlying the plaintiff's causes of action and examine how those principles were argued and applied in the context of the specific case; if there is an interpretation of the evidence that provides a logical explanation for the jury's findings, the verdicts are not inconsistent.

3. PLEADING — COMPLAINTS — AMENDMENT — ADDITION OF PARTIES — RELATION-BACK DOCTRINE.

Generally, the relation-back doctrine does not extend to the addition of new parties, but an exception exists if the original plaintiff had, in any capacity, an interest in the subject matter of the controversy, the defendant had notice of the interest of the person sought to be added as a plaintiff, and the new plaintiff's claim arises out

of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; a new plaintiff may then be added and the defendant may not invoke a statute-of-limitations defense.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Michael F. Murphy* and *Joshua O. Booth*, Assistant Attorneys General, for plaintiffs.

*Giamarco, Mullins & Horton, P.C.* (by *Ben M. Gonek*), for defendant.

Before: TALBOT, P.J., and DONOFRIO and SERVITTO, JJ.

PER CURIAM. Defendant, Arthur Blackwell, II, appeals as of right the trial court's judgment in favor of plaintiffs in this action alleging breach of contract, common-law conversion, statutory conversion, and breach of fiduciary duty. Defendant also challenges the trial court's orders granting summary disposition for plaintiff Local Emergency Financial Assistance Loan Board (the Board) on defendant's counterclaims and denying defendant's motion for a judgment notwithstanding the verdict (JNOV), remittitur, or a new trial. Because the trial court properly granted summary disposition in favor of the Board on defendant's counterclaims, the court did not abuse its discretion by granting the Board's motion to amend its complaint, the jury's verdicts were not legally inconsistent, and the court properly denied defendant's motions for JNOV and remittitur, we affirm.

This appeal stems from defendant's service as the emergency financial manager (EFM) for the city of Highland Park (the City) from April 2005 to April 2009. The jury determined that, during that time, defendant made unauthorized payments to himself from the City

totaling $264,000. The trial court entered an amended judgment in favor of plaintiffs and against defendant in the amount of $332,837.11, which included $264,000 plus attorney fees and costs.

### I. MOTION FOR SUMMARY DISPOSITION

Defendant first argues that the trial court erred by granting summary disposition in the Board's favor on his countercomplaint that alleged breach of contract, unjust enrichment, and fraud against the Board.[1] We review de novo a trial court's decision on a motion for summary disposition. *Lakeview Commons Ltd Partnership v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). Summary disposition under MCR 2.116(C)(7) is properly granted if the plaintiff's claims are barred by immunity granted by law. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). The applicability of governmental immunity is a question of law that we review de novo. *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011). "A motion for summary disposition brought pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the complaint . . . ." *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). "[T]he motion tests whether the complaint states a claim as a matter of law, and the motion should be granted if no factual development could possibly justify recovery." *Id*. Finally, a motion pursuant to MCR 2.116(C)(10) tests the factual sufficiency of a complaint. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). A motion under subrule (C)(10) is properly granted if, after viewing the

---

[1] Blackwell filed an original action alleging those claims against the Board in the Court of Claims, which was thereafter joined with the instant action that the Board filed against defendant in the Wayne Circuit Court.

evidence in the light most favorable to the nonmoving party, "there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

Defendant argues that the trial court erred by granting summary disposition for the Board on his breach of contract claim because he, former Governor Jennifer Granholm, and the Board had an understanding that modified the terms of his written agreement with the Board and entitled him to compensation after his first year serving as the EFM of the City. According to defendant, Governor Granholm directed that he be paid. In granting summary disposition for the Board, the trial court determined that the Governor did not have authority to enter into an oral modification of defendant's contract.

The authority of a state official to contract with an EFM is governed by statute. MCL 141.1218(1)[2] states:

> If the governor determines that a financial emergency exists . . . , the governor shall assign the responsibility for managing the local government financial emergency to the local emergency financial assistance loan board created under the emergency municipal loan act . . . . *The local emergency financial assistance loan board shall appoint an emergency financial manager.* . . . The emergency financial manager shall be entitled to compensation and reimbursement for actual and necessary expenses from the local government *as approved by the local emergency financial assistance loan board.* [Emphasis added.]

Thus, according to the statute, the Board has the sole statutory authority to appoint and compensate an EFM.

---

[2] Although MCL 141.1218 was in effect during the period relevant to this case, pursuant to 2012 PA 436, the statute is repealed effective March 28, 2013.

The Governor's authority is limited to determining whether a financial emergency exists and assigning the responsibility for managing the emergency to the Board. "Public officers have and can exercise only such powers as are conferred on them by law, and a State is not bound by contracts made in its behalf by its officers or agents without previous authority conferred by statute or the Constitution." *Roxborough v Mich Unemployment Compensation Comm*, 309 Mich 505, 510; 15 NW2d 724 (1944) (quotation marks and citation omitted). "[A]ll persons dealing with such officers are charged with knowledge of the extent of their authority or power to bind the State, and are bound, at their peril, to ascertain whether the contemplated contract is within the power conferred." *Id.* at 511 (quotation marks and citation omitted). Defendant's breach of contract claim fails as a matter of law because the Governor had no authority to modify the agreement and order that defendant be compensated. That authority rested solely with the Board. MCL 141.1218(1). Because the alleged oral agreement that defendant claims the Governor entered into was without legal effect, it did not give rise to a question of fact regarding whether the Board breached its contract with defendant. The trial court properly granted summary disposition for the Board pursuant to MCR 2.116(C)(10) on defendant's breach of contract claim.

The trial court also properly granted summary disposition for the Board on defendant's unjust-enrichment claim. As the trial court correctly noted, an unjust-enrichment claim is available "only if there is no express contract covering the same subject matter." *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 478; 666 NW2d 271 (2003). It is undisputed that there was an express, written contract setting forth defendant's compensation as the EFM. Accordingly, the trial court

properly granted summary disposition for the Board under MCR 2.116(C)(8) and (10) on defendant's claim of unjust enrichment.

Further, with respect to defendant's fraud claim, the trial court properly granted summary disposition under MCR 2.116(C)(7) and (8) because governmental immunity barred the claim and defendant failed to plead in avoidance of governmental immunity. The governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, provides that "a governmental agency is immune from tort[3] liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). The term " '[g]overnmental agency' means this state or a political subdivision." MCL 691.1401(a).[4] MCL 691.1401(g) defines "state" as "this state and its agencies, departments, commissions, courts, *boards*, councils, and statutorily created task forces."[5] (Emphasis added). The Local Emergency Financial Assistance Board is a state board located within the Department of Treasury. MCL 141.932(1). Therefore, the Board is a governmental agency under the plain language of the GTLA.

Defendant's fraud claim was based on the alleged failure to fully disclose the City's finances and the actual state of the City before defendant accepted the appointment as the City's EFM and on defendant's assertion that he was led to believe that he would be compensated for his work after the first year. The Board was exercising a governmental function when it ap-

---

[3] A claim alleging fraud is a tort claim. See *Cummins v Robinson Twp*, 283 Mich App 677, 691; 770 NW2d 421 (2009).

[4] During the relevant period, this language, with one insignificant difference, was codified at MCL 691.1401(d).

[5] During the relevant period, this language, with slight differences that are not significant, was codified at MCL 691.1401(c).

pointed defendant as the EFM of the City, negotiated
his compensation, and executed an employment con-
tract and addenda. A "governmental function" is "an
activity that is expressly or impliedly mandated or
authorized by ... statute ... or other law." MCL
691.1401(b).[6] As previously discussed, MCL 141.1218(1)
authorized the Board to appoint defendant as the EFM
and approve his compensation. Further, MCL
141.932(2)(b) of the Emergency Municipal Loan Act,
MCL 141.931 *et seq.*, provides that "[t]he board has the
powers necessary to carry out and effectuate the pur-
poses and provisions of this act," including the power
"to make, execute, and deliver contracts . . . ." The
alleged conduct on which defendant based his fraud
claim constitutes a governmental function because it
was conduct that was expressly authorized by statute.
Because defendant failed to plead an applicable excep-
tion to governmental immunity, the trial court properly
granted summary disposition for the Board on his fraud
claim. See *Mack v Detroit*, 467 Mich 186, 203; 649
NW2d 47 (2002) ("[A] party suing a unit of government
must plead in avoidance of governmental immunity.").

## II. MOTION TO AMEND COMPLAINT

Defendant next argues that the trial court abused its
discretion by granting the Board's motion to amend its
complaint to add the Attorney General as a plaintiff
after the close of defendant's proofs. Specifically, he
argues that the trial court erred by determining that he
would not be prejudiced if the court allowed the amend-
ment. Defendant failed to preserve this issue for appel-
late review by setting forth any reason why he would be
prejudiced by the amendment during trial. In fact,

---

[6] During the relevant period, this language was codified at MCL
691.1401(f).

counsel for defendant stated: "In terms of prejudice, your Honor, if the attorney — well, I withdraw. Never mind." As this Court has recognized, "[t]he purpose of the appellate preservation requirements is to induce litigants to do what they can in the trial court to prevent error and eliminate its prejudice, or to create a record of the error and its prejudice." *People v Mayfield*, 221 Mich App 656, 660; 562 NW2d 272 (1997). Defendant cannot now complain that the trial court abused its discretion by determining that he would suffer no prejudice when he himself failed to offer any reason below regarding why he would be prejudiced. Indeed, as previously stated, defense counsel withdrew his objection with respect to prejudice, stating: "I withdraw. Never mind." " 'A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court.' " *Blazer Foods, Inc v Restaurant Props, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003) (citation omitted).

In any event, the trial court properly determined that defendant would suffer no prejudice as a result of the amendment. A motion to amend a complaint should ordinarily be granted absent any apparent or declared reason, such as undue delay on the part of the moving party or undue prejudice to the nonmoving party. *Cole v Ladbroke Racing Mich, Inc*, 241 Mich App 1, 9-10; 614 NW2d 169 (2000). Prejudice, in the context of a motion to amend a complaint, "exists if the amendment would prevent the opposing party from receiving a fair trial . . . ." *Weymers v Khera*, 454 Mich 639, 659; 563 NW2d 647 (1997). Here, the amendment did not prevent defendant from receiving a fair trial. We agree with the trial court that none of the claims or theories changed as a result of the amendment. The Board and the Attorney General represented the same general

interest and pursued the same claims with the same evidence under the same theories. Therefore, defendant was not prejudiced by the amendment, and the trial court did not abuse its discretion by granting the Board's motion to amend the complaint.

### III. MOTION FOR JNOV

Defendant next argues that the trial court erred by denying his motion for JNOV because the jury's verdicts were legally inconsistent and against the great weight of the evidence. Initially, we note that defendant has abandoned his argument that the verdicts were against the great weight of the evidence because he failed to present any argument or offer any legal authority in support of that claim. See *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 220; 761 NW2d 293 (2008) (" 'It is not enough for an appellant in his brief simply to . . . assert an error and then leave it up to this Court to . . . unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.' "), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). With respect to defendant's argument that the jury's verdicts were inconsistent, defendant failed to preserve that argument by raising it in his motion for JNOV below. Our review of unpreserved issues is limited to plain error affecting substantial rights. See *Veltman v Detroit Edison Co,* 261 Mich App 685, 690; 683 NW2d 707 (2004).

This Court must make " 'every attempt . . . to harmonize a jury's verdicts.' " *Lagalo v Allied Corp*, 457 Mich 278, 282; 577 NW2d 462 (1998) (citation omitted). " 'Only where verdicts are so logically and legally inconsistent that they cannot be reconciled will they be set aside.' " *Id.* (citations omitted). This Court must

take "a careful look, beyond the legal principles underlying the plaintiff's causes of action, at how those principles were argued and applied in the context of this specific case." *Id.* at 284-285. " '[I]f there is an interpretation of the evidence that provides a logical explanation for the findings of the jury, the verdict is not inconsistent.' " *Id.* at 282 (citation omitted).

Defendant argues that the jury's determination that he did not breach his contract with the Board is legally and logically inconsistent with its determinations that he breached his fiduciary duty and converted the City's funds. Defendant's argument lacks merit. A review of the legal principles underlying each claim and an examination of how the principles were applied in this case demonstrate that the jury's verdicts were not inconsistent. With respect to the breach of contract claim, the trial court instructed the jury as follows:

> The issue for you, the jury, is whether Defendant breached the contract with the Plaintiff by receiving additional funds from Highland Park. If the contract — or excuse me, if the contracts between Plaintiff and Defendant only allowed Defendant to receive compensation from the Plaintiff, then Defendant breached the contracts. If, on the other hand, the contracts between Plaintiff and Defendant did not prevent Defendant from receiving additional compensation from Highland Park, the Defendant did not breach the contracts.

In returning a verdict of no cause of action on the breach of contract claim, the jury apparently determined that nothing in the contract or the addenda expressly prohibited defendant from receiving additional compensation from the City. The fact that the contract and addenda did not *prohibit* such conduct, however, does not mean that it was *authorized*. Whether defendant's compensation was *authorized* was the core issue of the breach-of-fiduciary-duty and con-

version claims. With regard to the claim of a breach of fiduciary duty, the jury was asked to determine whether defendant breached his position of trust as the EFM. With respect to the conversion claims, the jury was asked to determine whether defendant wrongfully exerted dominion over the City's property. In light of these legal principles and the undisputed fact that nothing in the parties' contract or the addenda authorized defendant to compensate himself with City funds, a reasonable jury could have logically concluded that defendant breached the trust placed in him and wrongfully exerted control over City funds. Because the jury's verdicts can be reconciled and are not logically or legally inconsistent, defendant is entitled to no relief.

### IV. MOTION FOR REMITTITUR

Defendant next argues that the trial court abused its discretion by denying his motion for remittitur. In particular, defendant argues that because the Attorney General was added as a plaintiff, the relation-back doctrine and the three-year period of limitations on the statutory conversion claim barred recovery of the portion of the damages that were incurred outside the applicable limitations period. The trial court determined that the statute of limitations did not bar recovery of any damages because the addition of the Attorney General as a party related back to the original filing of the complaint. The trial court also determined that defendant waived his statute-of-limitations defense by failing to assert it in response to the amended complaint or the motion to amend the complaint. We review for an abuse of discretion a trial court's decision whether to grant a motion for remittitur. *Diamond v Witherspoon*, 265 Mich App 673, 692; 696 NW2d 770 (2005). Whether the relation-back doctrine is applicable is a question of

law that this Court reviews de novo. See *Shinkle v Shinkle (On Rehearing)*, 255 Mich App 221, 224; 663 NW2d 481 (2003).

Generally, "the relation-back doctrine does not extend to the addition of new parties." *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007) (quotation marks and citations omitted). In *Hayes-Albion Corp v Whiting Corp*, 184 Mich App 410, 418; 459 NW2d 47 (1990), this Court recognized an exception to that general rule and held as follows:

> [W]e find that where the original plaintiff had, in any capacity, an interest in the subject matter of the controversy, the defendant had notice of the interest of the person sought to be added as a plaintiff, and the new plaintiff's claim arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, then a new plaintiff may be added and the defendant is not permitted to invoke a limitations defense.

The Court further stated:

> "As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. This seems particularly sound inasmuch as the courts will require the scope of the amended pleading to stay within the ambit of the conduct, transaction, or occurrence set forth in the original pleading." [*Id.*, quoting 6A Wright, Miller & Kane, Federal Practice & Procedure (2d ed), § 1501, pp 154-155.]

In this case, as the trial court recognized, the original plaintiff—the Board—had an interest in the subject matter of the litigation. The claims of the added plaintiff—the Attorney General—were identical to those of the Board and arose out of the same conduct set forth in the original complaint. Both plaintiffs repre-

sented the interests of the state, and defendant was fully aware of the Attorney General's interest given that the Attorney General filed the original complaint against defendant. In addition, there is no question that defendant was fully apprised of the claims against him and was prepared to defend against them. Further, as the trial court determined when it granted the Board's motion to amend the complaint and as we have concluded in this appeal, defendant was not prejudiced by the addition of the Attorney General as a party. Accordingly, the trial court properly determined that the relation-back doctrine was applicable and that defendant was therefore not entitled to invoke a statute-of-limitations defense. *Hayes-Albion*, 184 Mich App at 418. Because the addition of the Attorney General as a party related back to the original filing of the complaint, we need not address defendant's argument that he did not waive the statute-of-limitations defense by failing to assert it in response to the Board's amended complaint or its motion to amend the complaint. Thus, the trial court did not abuse its discretion by denying defendant's motion for remittitur.

Affirmed. Plaintiffs, being the prevailing parties, may tax costs pursuant to MCR 7.219.

TALBOT, P.J., and DONOFRIO and SERVITTO, JJ., concurred.