# STATE OF MICHIGAN

# COURT OF APPEALS

BETTY WARNECKE and TIMOTHY WARNECKE,

Plaintiffs/Counter-Defendants-Appellees,

v

JEFF WHITE and BECKY WHITE,

Defendants/Counter-Plaintiffs-Appellants.

UNPUBLISHED
December 12, 2017

No. 334233
Macomb Circuit Court
LC No. 2015-003453-CZ

Before: JANSEN, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Plaintiffs appeal as of right from an order of the circuit court denying defendants' motion for reconsideration of the circuit court's decision to dismiss plaintiffs' complaint and to transfer the counter-complaint to the district court. In its earlier decision, in addition to transferring the case to district court, the circuit court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(4) (subject matter jurisdiction); denied their motion under MCR 2.116(C)(3) (insufficient service of process); and denied their motions pursuant to MCR 2.116(C)(8) (failure to state a claim) and (10) (no genuine issue of material fact) without prejudice to renewal in the district court. We affirm.

## I. FACTS AND PROCEDURE

Defendants owned residential property in Chesterfield ("the property"), which they agreed to lease to plaintiffs beginning in July 2014. While living at the property, plaintiffs allegedly made numerous requests to defendants to repair various conditions on the property, including problems with the plumbing and mold conditions, but defendants failed or refused to make the requested repairs. On September 28, 2015, plaintiffs filed a complaint in the circuit court alleging that defendants had breached the terms of the lease agreement by failing to properly maintain the property, and claiming damages of at least $25,000.

On October 12, 2015, defendants filed a complaint in the district court seeking possession of the property and asserting that plaintiffs owed them $4,650 in overdue rent, plus late fees and additional rent at a rate of $51.67 per day. Thereafter, defendants also filed a counter-complaint in the circuit court, in which they alleged that plaintiffs had failed to properly notify them of

-1-

requested repairs as required by the lease agreement. Defendants also countersued for fraud, waste, and breach of contract, alleging, *inter alia*, that plaintiffs had violated the terms of the lease by failing to properly maintain the property; operating a business out of the rental property; concealing their "poor" financial condition and high likelihood of default under the lease; and by failing to disclose the existence of a pending lawsuit against their mortgagor when they entered into the lease agreement. Defendants also alleged that plaintiffs had only filed the complaint after the lease was terminated for nonpayment of rent.

On October 13, 2015, defendants brought motions for summary disposition in both the district court and the circuit court. In the district court, defendants argued that they were entitled to summary disposition under MCR 2.116(C)(9) (failure to state a valid defense), and (C)(10). Specifically, defendants alleged that plaintiffs had failed to maintain and repair the rental property as required under the terms of the lease, and that plaintiffs had chosen to pursue their claim for money damages in the circuit court and were thereby precluded from raising damages as a defense to defendants' district court complaint under the election of remedies doctrine.

In the circuit court, defendants argued that they were entitled to summary disposition under MCR 2.116(C)(3) for insufficient service of process, and under MCR 2.116(C)(4) because the circuit court lacked subject matter jurisdiction over plaintiffs' complaint because any damages incurred did not exceed $25,000. Defendants also argued that they were entitled to summary disposition in the circuit court under MCR 2.116(C)(8) and (C)(10).

Defendant's district court motion for summary disposition was considered first, on November 10, 2015, the same day that plaintiffs brought a counter-complaint in the district court with allegations identical to those raised in their circuit court complaint. The district court properly noted that if both cases involved requests for rent and damages under the same set of facts, they could not be tried by two courts at the same time. After dismissing plaintiffs' counter-complaint, the district court indicated that it would not rule on defendants' motion for summary disposition until the circuit court decided whether plaintiffs' circuit court case would involve any calculation of unpaid rent.

On November 25, 2015, the circuit court issued an order indicating that the parties had agreed that the rent and abatement claims would be addressed by the circuit court. Thereafter, on December 1, 2015, the district court entered an order staying the possession case until the circuit court determined the amount of unpaid rent. Defendants appealed the stay to the circuit court, but the appeal was denied.

The circuit court considered defendants' pending motion for summary disposition on January 20, 2016. The circuit court found summary disposition inappropriate under MCR 2.116(C)(3), but granted the motion under MCR 2.116(C)(4) after finding that although plaintiffs had alleged damages potentially greater than $25,000, it lacked subject matter jurisdiction because plaintiffs' proofs established far fewer damages. The circuit court indicated that it was transferring plaintiffs' complaint and the counter-complaint to the district court to be heard with the summary proceedings in that court pursuant to MCR 2.227(A)(1). The circuit court also denied defendants' motion for summary disposition under MCR 2.116(C)(8) and (C)(10) without prejudice to defendants raising the same arguments in the district court.

With its order, the circuit court effectively dismissed plaintiffs' damages case as insufficient to meet the jurisdictional criteria and transferred defendants' rent and damage claim to the district court. Plaintiffs filed a motion for reconsideration of the circuit court's decision to dismiss their complaint for failure to meet the jurisdictional amount in controversy, which the circuit court denied. It is from the circuit court order denying plaintiffs' motion for reconsideration that defendants brought the instant appeal.

We also note as a matter of background that at an October 25, 2016 hearing, the district court was informed that the circuit court's transfer order had been appealed. The district court therefore lacked jurisdiction to proceed with the issues transferred from the circuit court. At the same hearing, defendants presented evidence that the property had been foreclosed upon and the redemption period had expired. Because defendants were no longer the owners of the property, the district court concluded that the summary proceeding was moot as without an offer of relief.

## II. THIS COURT'S JURISDICTION

As an initial matter, plaintiffs argue that defendants' appeal is "improper and time barred" because defendants did not file it within 21 days of the circuit court's January 20, 2016 order denying the motion for summary disposition and transferring the case to the circuit court. However, under MCR 7.204(A)(1)(b), defendants were permitted to file their appeal as of right within 21 days of the order being appealed or within 21 days after entry of an order deciding a timely filed motion for post-judgment relief. In this case, plaintiffs filed a timely motion for reconsideration of the January 20, 2016 order, which was denied on July 25, 2016. Defendants' August 9, 2016 claim of appeal was filed within 21 days thereafter, and was therefore timely under MCR 7.204(A)(1)(b).

Contrary to plaintiffs' assertion, it makes no difference that it was from their timely motion for post-judgment relief that defendants ultimately appealed. Plaintiffs have provided no authority to support their argument that defendants could not time their claim of appeal from an order entered on plaintiffs' motion, and nothing in the court rule provides that the party filing the claim of appeal must also be the party who filed the motion for post-judgment relief. This Court's jurisdiction to consider the appeal is proper.

## III. CIRCUIT COURT TRANSFER TO DISTRICT COURT

On appeal, defendants first argue that the circuit court erred when it transferred defendants' counter-complaint to the district court in the absence of (1) a motion, notice or hearing, (2) any allegation of bad faith, and (3) any challenge to defendants' recitation of damages. We disagree.

Defendants failed to raise this issue before the circuit court, and it is therefore not properly preserved for review. *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). This Court reviews unpreserved issues for plain error affecting substantial rights. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000).

Defendants' arguments in support of their assertion that the circuit court erred by transferring the case to the district court are not entirely comprehensible. Defendants suggest that the circuit court's decision to transfer the case to the district court was error pursuant to

*Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211; 884 NW2d 238 (2016), and argue that while *Hodge* required dismissal of the complaint, it did not require dismissal of defendant's counter-complaint. We find this argument unpersuasive.

In *Hodge*, the Michigan Supreme Court explained that the plain language of MCL 600.8301(1)[1] "establishes that, in civil actions where no other jurisdictional statute applies, the district court is limited to deciding cases in which the amount in controversy does not exceed $25,000." *Hodge*, 499 Mich at 216. The question before the Court in *Hodge* was whether the amount in controversy should be determined from the pleadings or the proofs at trial. *Id.* at 217. The Court held that in accordance with "what the jurisprudence of this state has long established in its subject-matter jurisdiction inquiry, a district court determines the amount in controversy using the prayer for relief set forth in the plaintiff's pleadings, calculated exclusive of fees, costs, and interest." *Id.* at 223-224.

In a concurring opinion, Justice Markman stated that "[t]his Court has long recognized that when a plaintiff's pleadings are clearly made in bad faith for the purpose of satisfying a trial court's subject-matter jurisdiction, the trial court is ousted of jurisdiction and must dismiss the matter." *Id.* at 228 (MARKMAN, J., concurring), citing *Fix v Sissung*, 83 Mich 561, 563; 47 NW 340 (1890). Justice Markman continued, explaining that "a plaintiff pleads in bad faith by pleading an amount in controversy with an intention to present evidence and argument . . . in a manner inconsistent with that amount." *Hodge*, 499 Mich at 229-230. Defendants assert that "the situation described in *Hodge* clearly existed as to the complaint but not as to the counter-complaint." Although defendants do not satisfactorily explain their statement, it apparently references Justice Markman's discussion of bad faith pleadings.

Even if we found Justice Markman's concurring statements an accurate statement of the law, we could not conclude that the recitation controls our decision in this matter. The record does not support a finding that plaintiffs' complaint was filed in bad faith. The circuit court determined only that plaintiffs had not established that the amount of their damages met the jurisdictional requirement of the circuit court. Specifically, the circuit court stated that despite plaintiffs' claims that "they lost many of their possessions, suffered health problems, spent considerable money for repairs and had incurred legal fees," they had supported their complaint with only "the nondescript affidavit of plaintiff Betty Warnecke that she is seeking damages in excess of $25,000 [but] attached invoices totaling mere $702.50 for repairs." Defendants' argument is simply not supported by the record.

The circuit court's decision to transfer the complaint and the counter-complaint was proper under MCR 2.227(A)(1), which unambiguously permits the circuit court to order such a transfer:

> When the court in which a civil action is pending determines that it lacks jurisdiction of the subject matter of the action, but that some other Michigan court

---

[1] MCL 600.8301(1) provides that "[t]he district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00."

would have jurisdiction of the action, the court may order the action transferred to the other court in a place where venue would be proper. If the question of jurisdiction is raised by the court on its own initiative, the action may not be transferred until the parties are given notice and an opportunity to be heard on the jurisdictional issue.

Contrary to defendants' assertion, the court rule does not require that a party challenge the subject matter jurisdiction of the court. As we have stated, "A court is continually obliged to question sua sponte its own jurisdiction over a person, the subject matter of an action, or the limits of the relief it may afford." *Yoost v Caspari*, 295 Mich App 209, 220-221; 813 NW2d 783 (2012) (quotation marks, alterations and citation omitted). And although defendants broadly assert that they were deprived of notice and an opportunity to be heard on the jurisdictional issue, they have presented no evidence or argument in support. Indeed, it would be difficult for defendants to find any support for such an argument because *it was they who raised the matter of subject matter jurisdiction* in their circuit court motion for summary disposition. "A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *Local Emergency Fin Assistance Loan Bd v Blackwell*, 299 Mich App 727, 737; 832 NW2d 401 (2013) (quotation marks and citation omitted).

Defendants also argue that the circuit court erred by transferring the counter-complaint to the district court because the counter-complaint "clearly alleged specific and identifiable damages well within circuit court jurisdiction." However, defendants' argument is belied by their district court complaint, in which they asserted unpaid rent totaling $4,650, as well as $635 in late fees and "additional rent at the rate of $51.67 per day until judgment, plus costs." Although defendants alleged "double damages" in their counter-complaint totaling $63,438.44 (representing unpaid rent, attorney fees and costs, and alleged damage to the property caused by plaintiffs), it was not error for the circuit court to conclude that these figures were significantly inflated. The circuit court did not err in determining that it lacked subject matter jurisdiction over defendants' counter-complaint as well as the complaint.

## IV. ELECTION OF REMEDIES

In their appellate brief, defendants suggest that pursuant to the election of remedies doctrine, plaintiffs were prohibited from simultaneously filing a damage claim in the circuit court and raising the same damages as a defense to the possessory action in the district court. We decline to address this issue. Defendants failed to raise the issue in their statement of questions presented. See *Ypsilanti Fire Marshal v Kircher*, 273 Mich App 496, 543; 730 NW2d 481 (2007) (explaining that a party abandons an issue by failing to raise it in his or her statement of questions presented). Further, defendants have not argued that they are entitled to any relief on this claim of alleged error. "An appellant may not merely announce its position or assert an error and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or search for authority for its position." *Blackburne & Brown Mtg Co v Ziomek*, 264 Mich App 615, 619; 692 NW2d 388 (2004) (quotation mark and citation omitted). "Insufficiently briefed issues are deemed abandoned on appeal." *Id*. (quotation marks and citation omitted).

## V. STAY OF PROCEEDINGS

Next, defendants argue that the district court exceeded its statutory authority when it issued a "stay" of possession proceedings pending resolution of plaintiffs' circuit court damage claim for more than 56 days, in violation of MCR 4.201(J)(1).[2] Assuming arguendo that defendant properly raises a challenge to the district court order on appeal from a final order of the circuit court, we find defendants' unpreserved argument wholly without merit. The district court delayed proceedings in the possession action based on a stipulated order in which the parties agreed that claims for damages, rent, and abatement would be decided in the circuit court. Stipulated adjournment is an exception to the 56-day limitation on summary proceedings expressly provided by court rule. MCR 4.201(J)(1) ("The parties may adjourn trial by stipulation in writing or on the record, subject to the approval of the court.").

Again, defendants attempt to take a position directly contrary to the position they assumed in the lower court. This Court will not provide relief for a party based on "error" arising from a situation he himself created. *Local Emergency Fin Assistance Loan Bd*, 299 Mich App at 737. Further, because defendants no longer own the subject property and the district court possession action has been dismissed, there is no further relief this Court can provide and the issue is moot. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

## VI. ATTORNEY FEES AND SANCTIONS

Finally, defendants argue that the circuit court erred by failing to award defendants attorney fees under the parties' lease agreement and sanctions for plaintiffs' "frivolous" complaint under MCR 2.625 and MCL 600.2591. We disagree.

Defendants raised the issue of attorney fees and sanctions before the circuit court. The circuit court did not reach the issue after finding that it lacked subject matter jurisdiction over both the complaint and the counter-complaint. Although an issue raised but not addressed and decided in the trial court is generally not preserved for appellate review, where the lower court record provides the necessary facts, appellate consideration of such an issue is not precluded. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443-444; 695 NW2d 84 (2005). Unpreserved issues are reviewed for plain error. *Kern*, 240 Mich App at 336.

Defendants ask this Court to determine that they are entitled to attorney fees, costs, and expenses resulting from the litigation in the district court, the circuit court, and this Court under a provision in the parties' lease agreement. We decline to do so.

"The general 'American rule' is that 'attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary.' " *Smith v Khouri*, 481 Mich

---

[2] MCR 4.201(J)(1) applies in summary proceedings to recover possession of premises, and provides that "[w]hen the defendant appears, the court may try the action, or, if good cause is shown, may adjourn trial up to 56 days."

519, 526; 751 NW2d 472 (2008) (quotation marks and citation omitted). An exception to the general American rule exists where attorney fees are provided by contract of the parties. *Grace v Grace*, 253 Mich App 357, 370-371; 655 NW2d 595 (2002). "The goal of contract interpretation is to give effect to the intent of the parties." *Jay Chevrolet, Inc v Dedvukaj*, 310 Mich App 733, 735; 874 NW2d 146 (2015). "Where a contract's language is unambiguous, this Court must read and apply the contract as written." *Id*.

The only provision of the parties' lease agreement under which defendants claim entitlement to attorney fees and litigation costs reads as follows:

> If the Lease is ended or Landlord takes back the Premises, Landlord may re-rent the Premises . . . for any Term. . . . Tenant shall be responsible for Landlord's cost of re-renting. Landlord's cost shall include the cost of repairs, decorations, Broker's fees, attorney's fees, advertising and preparation for renting. Tenant shall continue to be responsible for rent, expenses, damages and losses.

Nothing in this provision obligates plaintiffs to pay defendants' attorney fees or costs incurred in pursuit of the present action. The provision unambiguously requires only that the tenant pay attorney fees and costs incurred by the landlord in re-renting the property after the end of the lease term. The provision simply does not apply here.

Defendants also argue that they are entitled to sanctions under MCR 2.625 and MCL 600.2591 because plaintiffs' complaint was "frivolous" and filed in bad faith. Again, we disagree.

Defendants' reliance on MCR 2.625(A)(1) in support of their request for sanctions is misplaced. The court rule provides that "[c]osts will be allowed to the *prevailing party* in an action, unless prohibited by statute" or court rule. MCR 2.625(A)(1) (emphasis added). A "prevailing party" is the "party who wins on the entire record." MCL 600.2591(3)(b). Defendants were not the "prevailing party" before the circuit court. Rather, the circuit court transferred the counter-complaint to the district court after determining that neither party met the jurisdictional amount in controversy of $25,000 in claimed damages. They are therefore not entitled to costs under MCR 2.625(A)(1).

Neither are defendants entitled to sanctions for defending against a frivolous lawsuit under MCR 2.625(A)(2). Under that subsection, "if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591."

Defendants' assertion that plaintiffs' action was frivolous is not supported by the record. The circuit court made no such finding; nor did the circuit court find that plaintiffs' complaint was filed in bad faith. A civil action is "frivolous" where one of the following conditions is met:

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

> (*iii*) The party's legal position was devoid of arguable legal merit. [MCL 600.2591(3)(a).]

Defendants fail to explain how any of the above conditions were met with respect to plaintiffs' complaint. Again, "[a] party may not simply announce its position and leave it to this Court to discover and rationalize the basis for the party's claim." *Badiee v Brighton Area Schools*, 265 Mich App 343, 357; 695 NW2d 521 (2005) (quotation marks and citation omitted). Reviewing the record before us, we are not convinced that plaintiffs' complaint was frivolous. Defendants are not entitled to costs.

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

-8-