*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VIVIAN JOHNSON,

        Plaintiff,

and

NORTHLAND RADIOLOGY, INC.,

        Intervening Plaintiff,

and

GREAT LAKES PAIN & INJURY
CHIROPRACTIC CENTER, LIVE WELL
HEALTH, LLC, and RED WINGS MEDICAL
TRANSPORTATION, LLC,

        Intervening Plaintiffs-Appellants,

v

FALLS LAKE NATIONAL INSURANCE
COMPANY,

        Defendant-Appellee,

and

DENNY MUNSON and KRISTY MARIE
CASTONGUAY,

        Defendants.

UNPUBLISHED
April 27, 2023

No. 357422
Oakland Circuit Court
LC No. 2020-179018-NI

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

PER CURIAM.

-1-

In this third-party no-fault action for personal protection insurance (PIP) benefits, intervening plaintiffs, Great Lakes Pain & Injury Chiropractic Center (Great Lakes), Live Well Health, LLC (Live Well), and Red Wings Medical Transportation, LLC (Red Wings, and collectively with Great Lakes and Live Well, "intervening plaintiffs"), appeal as of right the stipulated order dismissing intervening plaintiffs with prejudice. On appeal, they challenge the trial court's earlier orders granting summary disposition to defendant, Falls Lake National Insurance Company (Falls Lake), and granting reconsideration in part. Intervening plaintiffs argue (1) the trial court erred when it did not relate their intervening complaint back to the date of plaintiff Vivian Johnson's initial complaint, (2) the postamendment version of the one-year-back rule in MCL 500.3145 applies to their claims, entitling intervening plaintiffs to tolling, (3) the trial court improperly applied tolling to intervening plaintiffs' case, , and (4) Johnson was a real party in interest to the case. We affirm.

## I. BACKGROUND

This case arose out of a motor vehicle accident on February 5, 2019. Johnson, who was injured during the accident, began treatment with intervening plaintiffs on February 8, 2019. Johnson and intervening plaintiffs sought PIP benefits from Falls Lake under Johnson's insurance policy. Falls Lake formally denied coverage to intervening plaintiffs on June 13, 2019, two days after the amended MCL 500.3145 took effect. Johnson assigned her rights to Live Well on June 17, 2019, to Red Wings on October 2, 2019, and to Great Lakes, on November 15, 2019.

On January 14, 2020, Johnson filed a complaint against Falls Lake; Denny Munson, the driver; and Kristy Marie Castonguay, the owner of the vehicle driven by Munson.[1] Johnson alleged she was entitled to certain PIP benefits under her insurance policy with Falls Lake, which Falls Lake refused to pay. Intervening plaintiffs moved to intervene on August 20, 2020. They argued they provided services to Johnson, which constituted allowable expenses under MCL 500.3107, and alleged they had an independent cause of action against Falls Lake as assignees of Johnson's rights.

On September 15, 2020, while the motion to intervene was pending, Falls Lake moved for partial summary disposition of intervening plaintiffs' claims. It argued intervening plaintiffs' impending intervening complaint would not relate back to Johnson's initial filing date because there is no relation back for the addition of a new party. Falls Lake argued intervening plaintiffs' complaint did not relate back to Johnson's filing date, thus, intervening plaintiffs were only permitted to claim benefits dating one year back from the eventual filing date of their intervening complaint under the one-year-back rule in MCL 500.3145. Falls Lake argued that even if the postamendment version of MCL 500.3145 applied, intervening plaintiffs' claims would still be partially barred because they failed to commence their action within one year of June 13, 2019, when Falls Lake formally denied coverage.

On October 1, 2020, the trial court entered a stipulated order granting intervention, and intervening plaintiffs filed their complaint on October 2, 2020. They alleged that Falls Lake was

---

[1] Johnson, Munson, and Castonguay are not party to this appeal, nor are Johnson's claims against these individual defendants at issue.

obligated to pay for reasonably necessary products and services provided to Johnson as a result of the accident, and they timely submitted bills to Falls Lake for these expenses. Falls Lake refused payment, delayed payment, or only made partial payment of these expenses, and intervening plaintiffs were entitled to all rights and benefits to which Johnson was entitled under Johnson's assignments of rights to intervening plaintiffs.

Johnson responded to Falls Lake's motion for partial summary disposition of intervening plaintiffs' claims, arguing her claims were not subject to the motion. She further argued that if the trial court determined that the intervening plaintiffs' claims were barred, she should be able to litigate those claims herself or be excused from potential liability to other parties. The intervening plaintiffs did not file a response to Falls Lake's motion because they did not file their complaint until after Falls Lake filed its motion.

The trial court granted Falls Lake's motion for summary disposition regarding the intervening plaintiffs' claims. The trial court agreed with Falls Lake that the one-year-back rule applied and the intervening complaint did not relate back to Johnson's filing date, relying on *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007). The trial court determined that because intervening plaintiffs filed their complaint on October 2, 2020, they could not recover benefits for losses they incurred before October 2, 2019. The trial court further determined that, even if it applied the tolling language in the postamendment version of MCL 500.3145, intervening plaintiffs' claims were still partially barred. The trial court found the postamendment version of MCL 500.3145 only applied to claims which accrued after its enactment, on June 11, 2019.

Addressing Johnson's argument that the court should permit her to litigate the issues regardless of whether the trial court determined they were barred for intervening plaintiffs, the trial court determined Johnson did not "have the right to litigate the claims of Intervening Plaintiffs, because she assigned those rights." The trial court cited *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 412; 875 NW2d 242 (2015), which stated: "[A]n assignee of a cause of action becomes the real party in interest with respect to that cause of action, inasmuch as the assignment vests in the assignee all rights previously held by the assignor."

Intervening plaintiffs moved for reconsideration, arguing that the postamendment version of MCL 500.3145 applied, regardless of whether it had any retroactive effect. This is because the bill amending MCL 500.3145 stated it had immediate effect, and the control date was the commencement of the action using Johnson's initial filing date. They nonetheless argued that the Legislature intended the postamendment version of MCL 500.3145 to apply retroactively because it specifically provided that other provisions in the no-fault act, MCL 500.3101 *et seq.*, were to be applied prospectively. The omission of this language in MCL 500.3145, according to intervening plaintiffs, indicated the Legislature's intent for it to apply retroactively.

Intervening plaintiffs further argued that the trial court erred by ignoring the tolling provision within the amended MCL 500.3145. They asserted that the proper date to use when applying the one-year-back rule was the date Johnson filed her complaint, and that MCL 600.5856 was also applicable. Intervening plaintiffs contended that, although they were suing independent of Johnson, they stood in Johnson's shoes as her assignees, and their claims arose from the same occurrence. These facts permitted the relation back of their intervening complaint to Johnson's original filing date.

Falls Lake responded, arguing that the trial court should not treat the expenses incurred by intervening plaintiffs after Falls Lake's June 13, 2019 formal denial the same as those they incurred before the denial. They argued that applying the postamendment version of MCL 500.3145 would require the controlling date for the one-year-back rule to be "the date of denial for all pre-denial expenses, and the date of incurrence for all post-denial expenses." Regarding the tolling aspect of the statute, Falls Lake argued each specific expense incurred before the formal denial, on June 13, 2019, would be tolled, but any specific claim after this denial would not be tolled. Intervening plaintiffs were required to initiate their action on or before June 13, 2020, to recover any expenses beyond the one-year-back rule. And because intervening plaintiffs did not file their complaint by that date, they were prohibited from recovering any expense incurred more than one year before their filing date of October 2, 2020. Falls Lake further argued that intervening plaintiffs' reliance on MCL 600.5856 was misguided because the one-year-back rule was not a statute of limitations or a statute of repose, but rather a damages-limiting provision.

The trial court granted intervening plaintiffs' motion for reconsideration, in part, and denied it in part. The trial court agreed with Falls Lake that intervening plaintiffs were improperly arguing that all their claims should be treated as a single claim for the one-year-back rule. The trial court noted every claim accrued separately, at the time the expense was incurred, not at the time of the injury. But, the trial court determined that the postamendment version of MCL 500.3145 applied, reasoning that, although intervening plaintiffs did provide services to Johnson before the amendment date of June 11, 2019, Johnson's assignments to intervening plaintiffs all occurred after the amendment. The trial court, summarizing the holding of this Court's decision in *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 204; 920 NW2d 148 (2018), stated that "the controlling date for purposes of the one-year-back rule is the date of assignment[.]"

The trial court reasoned that the tolling provision became inapplicable after Falls Lake formally denied intervening plaintiffs' claims on June 13, 2019. It noted the earliest date on which intervening plaintiffs incurred an expense for Johnson's treatment was February 8, 2019, and, therefore, "[t]he claims for expenses incurred between February 8, 2019 and June 13, 2019 would be tolled, at most, for that time frame, which totals 126 days." The trial court determined that intervening plaintiffs could recover expenses incurred between May 29, 2019, and June 13, 2019, but there was no tolling after June 13, 2019. Regarding intervening plaintiffs' argument that tolling under MCL 600.5856 applied, the trial court determined the statute did not apply because the one-year-back rule was not a statute of limitations or of repose, but a damages-limiting provision.

Finally, the trial court rejected intervening plaintiffs' assertion that their complaint related back to the date Johnson filed her complaint. The trial court reasoned that intervening plaintiffs were not "merely adding new claims or acting as substitutes" for Johnson, but were "asserting their own causes of action based on the assignments[,]" and were thus new parties to the action to whom the relation-back doctrine was inapplicable, and dismissed intervening plaintiffs from the case. This appeal followed.

## II. STANDARDS OF REVIEW

We note that several of intervening plaintiffs' arguments on appeal were first raised in their motion for reconsideration, and typically, this renders the issues unpreserved. See *George v Allstate Ins Co*, 329 Mich App 448, 454; 942 NW2d 628 (2019). However, as explained by intervening plaintiffs' counsel at oral argument, they did not respond to Falls Lake's motion for summary disposition because that motion was filed before their complaint, but were specifically granted leave by the trial court to move for reconsideration of the order partially granting summary disposition. This Court may overlook preservation requirements in civil cases "if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. (quotation marks and citation omitted). Under these circumstances, it is appropriate to consider these issues on appeal.[2] This Court reviews a trial court's decision on a motion for reconsideration for an abuse of discretion. *St John Macomb-Oakland Hosp v State Farm Mut Auto Ins Co*, 318 Mich App 256, 261; 896 NW2d 85 (2016).

Falls Lake moved for summary disposition under MCR 2.116(C)(10). This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *Id*. at 160 (citation and emphasis omitted). In considering a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. Such a motion "may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

"Whether the relation-back doctrine is applicable is a question of law that this Court reviews de novo." *Local Emergency Fin Assistance Loan Bd v Blackwell*, 299 Mich App 727, 740-741; 832 NW2d 401 (2013). "Questions regarding statutory construction and whether a statute or amended statute should be applied retroactively or prospectively only are reviewed de novo." *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 152-153; 725 NW2d 56 (2006). The "issue of whether a plaintiff is the real party in interest is also a question of law that we review de novo." *Pontiac Police & Fire Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 621; 873 NW2d 783 (2015).

---

[2] We note that intervening plaintiffs' argument regarding the trial court's application of tolling was not included in the statement of questions presented portion of their appellate brief, which typically renders an issue not properly before this Court. See *Maurer v Fremont Ins Co*, 325 Mich App 685, 699; 926 NW2d 848 (2018).

III.  ANALYSIS

A. THE RELATION-BACK DOCTRINE

Intervening plaintiffs first argue that the trial court erred when it did not relate their intervening complaint back to the date of Johnson's initial complaint.  We disagree.

The "relation-back doctrine" or "relating back" is the concept that, under some circumstances, an amended pleading benefits from the filing date of a prior pleading for the purposes of determining whether a claim is barred by the period of limitations.  *Miller*, 477 Mich at 106.  MCR 2.118(D) provides that an "amendment that adds a claim or defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading."  MCR 2.118(D).

Generally, "the relation-back doctrine does not extend to the addition of new parties," but this Court has recognized exceptions to that general rule.  *Blackwell*, 299 Mich App at 741 (quotation marks and citation omitted).  In *Blackwell*, this Court reiterated the exception to the general principle that new parties may not relate back:

> In *Hayes-Albion Corp v Whiting Corp*, 184 Mich App 410, 418; 459 NW2d 47 (1990), this Court recognized an exception to that general rule and held as follows:
>
>> [W]e find that where the original plaintiff had, in any capacity, an interest in the subject matter of the controversy, the defendant had notice of the interest of the person sought to be added as a plaintiff, and the new plaintiff's claim arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, then a new plaintiff may be added and the defendant is not permitted to invoke a limitations defense.
>
> The Court further stated:
>
>> "As long as [the] defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense.  This seems particularly sound inasmuch as the courts will require the scope of the amended pleading to stay within the ambit of the conduct, transaction, or occurrence set forth in the original pleading."  [*Blackwell*, 299 Mich App at 741 (citations omitted, first alteration in original).]

In other words, when the original plaintiff puts a defendant on notice of the new party's claims, and those claims arise out of the same conduct, transaction, or occurrence identified in the original complaint, the exception applies.  See *id*.

Recently, in *Farrar v Suburban Mobility Auth for Regional Trans*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket Nos. 358872 and 358884), slip op at 4-5, this Court held that an assignee's claims did not relate back. There, the insured plaintiff assigned her claims to treatment providers, including Focus Imaging, following an accident in February 2019. *Id*. at ___; slip op at 2. The plaintiff filed suit for PIP benefits on February 11, 2020. *Id*. at ___; slip op at 2. Focus Imaging moved to intervene and filed an intervening complaint on February 11, 2021. *Id*. at ___; slip op at 2. The defendant moved for summary disposition against Focus Imaging, arguing that its claims were barred by the one-year-back rule, MCL 500.3145, and did not relate back. *Id*. at ___; slip op at 2-3. The trial court denied the motion for summary disposition, and this Court reversed. *Id*. at ___; slip op at 2-5. In reversing, this Court stated the principle from *Miller* that the relation-back doctrine generally does not apply to the addition of new parties. *Id*. at ___; slip op at 4, citing *Miller*, 477 Mich at 105. It then applied the analysis from an unpublished decision that it found persuasive to conclude that Focus Imaging's assignee claims did not relate back. *Farrar*, ___ Mich App at ___; slip op at 4-5, citing *Lakeland Neurocare Ctrs v Everest Nat'l Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued October 8, 2019 (Docket Nos. 340346 and 340349). This conclusion binds us. See MCR 7.215(J)(1) (precedential effect of published decisions). Applying *Farrar* to this case, we conclude that intervening plaintiffs' assignee claims do not relate back to Johnson's original filing date.[3]

### B. MCL 500.3145

Because intervening plaintiffs' intervening complaint does not relate back to Johnson's filing date, the extent of recovery to which intervening plaintiffs are entitled depends on which version of MCL 500.3145 applies. We conclude that the trial court properly applied the postamendment version.

The preamendment version of MCL 500.3145 stated in relevant part:

(1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in

---

[3] Based on this conclusion, we need not address intervening plaintiffs' argument that Johnson was a real party in interest, which is irrelevant to the issues on appeal regardless.

ordinary language the name of the person injured and the time, place and nature of his injury.

The postamendment version of MCL 500.3145 changed the language of its predecessor and added a tolling provision:

> (1) An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

> (2) Subject to subsection (3), if the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

> (3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim. This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence. [MCL 500.3145(1) through (3), as amended by 2019 PA 21.]

"The one-year-back rule in MCL 500.3145(1) is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Shah*, 324 Mich App at 202 (quotation marks and citation omitted). In *Farrar*, ___ Mich App at ___; slip op at 2, 4, the motor vehicle accident occurred on February 13, 2019, the assignee, Focus Imaging, treated the plaintiff on March 6, 2019, and MCL 500.3145 was amended on June 11, 2019. This Court quoted the postamendment version of MCL 500.3145, specifically, subsection (2), "a 'claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced,' " and concluded that "[u]nder the one-year-back rule, Focus Imaging was required to file its complaint by March 6, 2020, to ensure its lawsuit could proceed." *Id*. at ___; slip op at 4. Because Focus Imaging did not file its intervening complaint until February 11, 2021, almost two years after the accident, it was barred from recovering any benefits that it incurred before February 11, 2020, under the one-year-back rule. *Id*. at ___; slip op at 4.

Similarly, here, the motor vehicle accident occurred on February 5, 2019, and intervening plaintiffs started providing treatment on February 8, 2019. Following *Farrar* and applying the postamendment version of the statute, under the one-year-back rule, intervening plaintiffs were required to file their complaint by February 9, 2020; however, they did not file their intervening complaint until October 2, 2020. Thus, intervening plaintiffs are barred from recovering any

benefits they incurred before October 2, 2019 under MCL 500.3145(2). The trial court did not err in concluding that intervening plaintiffs' claims that accrued prior to October 2, 2019 were barred.[4]

Additionally, the trial court did not err in its application of the tolling provision in amended MCL 500.3145(3). Falls Lake denied intervening plaintiffs' claims on June 13, 2019. Under MCL 500.3110(4), "[p]ersonal protection insurance benefits payable for accidental bodily injury accrue not when the injury occurs but as the allowable expense, work loss or survivors' loss is incurred." Intervening plaintiffs first incurred expenses on February 8, 2019. Thus, the trial court properly concluded that the claims for expenses incurred between February 8, 2019 and June 13, 2019 were tolled, totaling 126 days.[5]

Affirmed.

/s/ Kathleen Jansen
/s/ Colleen A. O'Brien

---

[4] This renders unnecessary any discussion of whether the statute has retroactive or prospective effect.

[5] Intervening plaintiffs argue on appeal that the trial court should have applied MCL 600.5856, which provides for the tolling of the statute of limitations or repose in certain circumstances. None of plaintiff's arguments are persuasive, and need not be discussed.